526 So.2d 281 (1988)
Eva Miers BALDI, Plaintiff,
v.
MID-AMERICAN INDEMNITY COMPANY, Defendant.
No. 87-443.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*282 Gahagan & Conlay, Gary L. Conlay, Natchitoches, for plaintiff/appellee.
Brittain, Williams, McGlathery & Passman, Jack O. Brittain, Joe P. Williams, Natchitoches, for defendant/exceptor.
Steven C. Graalmann, Alexandria, for defendant/appellant.
Before FORET, STOKER and DOUCET, JJ.
FORET, Judge.
This is a multi-party lawsuit involving a two-car collision that occurred on July 12, 1985. Eva Miers Baldi filed suit against Mid-American Indemnity Co. (Mid-American), the liability insurer of her husband, Anthony G. Baldi, who was driving the vehicle in which Mrs. Baldi was riding at the time of the accident.[1] On February 25, 1986, Mid-American filed an answer and third party demand against the driver of the other vehicle, Kevin Lewing, and Royal Insurance Company (Royal), the liability insurer of Kevin Lewing's employer, Otis Lewing, d/b/a Lewing Testers, Inc.
The third party demand filed by Mid-American was followed by a cross-claim filed by Royal on October 6, 1986. The third party demand filed by Mid-American prays for indemnity or contribution from Kevin Lewing and Royal for all sums which Mid-American is required to pay to Mrs. Baldi, while the cross-claim filed by Royal seeks indemnity or contribution from Mid-American. Additionally, Royal seeks to recover from Mid-American a total of $11,555.20 which was paid to Mr. and Mrs. Baldi for damage to the vehicle involved in the aforesaid accident. Mid-American filed exceptions of no cause of action and prescription in reference to the demands asserted in the cross-claim filed by Royal. These exceptions were sustained by the trial court by two separate judgments dated January 22, 1987 and Royal, Kevin Lewing, *283 and Otis Lewing, d/b/a Lewing Testers, Inc. have devolutively appealed.
The only issue presented for our consideration on appeal is whether or not the trial court erred in sustaining the exception of prescription filed by Mid-American which resulted in the dismissal of the cross-claim filed by Royal against Mid-American, seeking recovery of property damage paid by Royal to the Baldis as collision insurer of the vehicle involved in the aforesaid accident.[2]
Royal, as collision insurer of the Baldi vehicle, paid the Baldis the sum of $11,555.20. Upon doing so, Royal was subrogated to all rights and claims which Mr. or Mrs. Baldi may have for property damage to their vehicle as a result of the accident. See C.C. art. 1825. The accident in question took place on July 12, 1985, and no claim for property damage was made against Mid-American until Royal filed its cross-claim on October 6, 1986. Thus, the cross-claim for property damage has prescribed unless it is somehow preserved by C.C.P. art. 1067 which provides:
"Art. 1067. When prescribed incidental or third party demand is not barred
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand."
This article is clearly applicable in this case. The claim asserted by Royal is a cross-claim as defined by C.C.P. art. 1071, and a cross-claim is classified as an incidental demand by C.C.P. art. 1031. Furthermore, the suit filed by Mrs. Baldi was filed within one year of the accident in accordance with C.C. art. 3492 and therefore Royal's subrogation claim for property damage was not barred at the time the main demand was filed. See also Moraus v. State, Through Dept. of Transp., 396 So.2d 596 (La.App. 3 Cir.1981) in which case we found Art. 1067 to be applicable to a factual situation similar to the case at bar. However, the applicability of C.C.P. art. 1067 does not operate to preserve Royal's claim for property damage in this case. The record indicates that Royal was served with Mid-American's third party demand in February of 1986 but did not file its cross-claim until October 6, 1986. Thus, at the time the cross-claim was filed, the ninety-day grace period provided by Art. 1067 had expired and Royal's cross-claim is therefore prescribed.
Royal contends that the ninety-day grace period provided by C.C.P. art. 1067 never began because it was never served through the sheriff's office as required by C.C.P. art. 1314. However, the record indicates that Royal's attorney waived proper service of the third party demand asserted by Mid-American and consented to service by mail. Furthermore, insufficiency of service or citation are declinatory exceptions which must be raised prior to the filing of an answer. By filing its answer and cross-claim on October 6, 1986, Royal entered a general appearance, thereby waiving any objection to citation or service of process. C.C.P. art. 925; Moity v. Guilliot, 466 So. 2d 511 (La.App. 3 Cir.1985). Accordingly, service of Mid-American's third party demand by mail in February of 1986 was effective and began the running of the ninety-day delay period provided by C.C.P. art. 1067.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed, *284 and all costs of this appeal are to be paid by Royal Insurance Company.
AFFIRMED.
NOTES
[1] Additionally, Anthony G. Baldi filed a separate action against the driver of the other vehicle, Kevin Lewing; his employer, Otis Lewing d/b/a Lewing Testers, Inc. (incorrectly referred to in the petition as Otis Lewing d/b/a Lewing Testers); and Royal Insurance Company, the liability insurer of Lewing Testers, Inc. The two cases were consolidated by order dated February 26, 1986, and a separate opinion is being rendered this date in Anthony G. Baldi v. Lewing, 526 So.2d 284 (La.App. 3 Cir.1988).
[2] The judgment on the exception of no cause of action dismissed the cross-claim filed by Royal against Mid-American but only insofar as it seeks indemnity or contribution from Mid-American for any amount/s which Royal is required to pay to Mrs. Baldi as a result of the aforesaid accident. As noted above, the cross-claim filed by Royal also seeks recovery for property damages paid by Royal to Mr. and Mrs. Baldi and the exception of prescription filed by Mid-American is directed to this claim alone. This exception was also sustained by the trial court. At the hearing on the two exceptions filed by Mid-American, the attorney for Royal advised the court that he was abandoning his opposition to the exception of no cause of action. Moreover, this issue has not been briefed on appeal and accordingly only the issue of prescription is preserved on appeal. See Uniform RulesCourt of Appeal 2-12.4.