PER CURIAM.
 

 12At issue in this writ application is whether the trial court erred in denying a peremptory exception raising the objection of prescription as to a cross-claim that was not filed until almost ten months after the cross-claimant was added as a party defendant and served with the suit.
 

 FACTS
 

 This litigation arises out of an automobile accident that occurred on November 10, 2003, when a vehicle driven by William D’Aubin and owned by his employer, Auto Source of the South, L.L.C. (“Auto Source”), rear-ended a vehicle operated by Clara Stamps that was stopped at a red light on Airline Highway in Baton Rouge. As a result of the accident, it was alleged that Stamps sustained injuries, including but not limited to a torn rotator cuff requiring surgical repair. Accordingly, on October 1, 2004, Clara Stamps and her husband, individually and on behalf of their minor children (hereinafter collectively referred to as “plaintiffs”), filed suit against D’Aubin and Auto Source, together with Auto Source’s liability insurer, Canal Indemnity Company (“Canal”). Thereafter, on or about November 9, 2007, the plaintiffs filed a supplemental and amending petition for damages other than property damage, naming State Farm Mutual Automobile Insurance Company (“State Farm”) as a defendant in its capacity as their insurer.
 
 [1]
 
 State Farm was served on December 12, 2007, and answered the suit on January 29, 2008.
 
 [2]
 
 Later, on October 10, 2008, State Farm filed a cross-claim against Auto Source and Canal to assert subrogation rights based on its previous payment of | ,<¡$8,480.00 to the plaintiffs under the collision coverage provisions of their policy for the total loss of their vehicle. In response to the cross-claim, Canal and Auto Source filed a peremptory exception of prescription, arguing that State Farm’s claim was prescribed, referencing La.Code Civ. P. art. 1067. State Farm opposed the exception, arguing that it is a subrogee of the plaintiffs and that since the main cause of action was timely filed, it served to interrupt prescription as to State Farm’s subrogated claim.
 

 The trial court considered the exception of prescription at a hearing on May 11, 2009, at which time it overruled the exception in open court and indicated that it would sign a judgment upon submission.
 
 *1129
 
 Thereafter, a written judgment was signed on May 20, 2009, with notice being sent to the parties on May 22, 2009.
 

 Prior to that hearing, the plaintiffs agreed to settle their claims on the main demand, and an order was signed on March 12, 2009, dismissing the plaintiffs’ claims against Auto Source, Canal, and D’Aubin, with prejudice. Thus, the sole remaining claims against Auto Source and Canal stem from State Farm’s cross-claim. This writ application on behalf of Auto Source and Canal (hereinafter collectively referred to as “relators”) raises the question of whether that cross-claim was timely filed.
 

 TIMELINESS OF THE WRIT APPLICATION
 

 Before considering the merits of the issues raised in the writ application as to the relators’ exception of prescription, we note that a question has been raised as to the timeliness of the writ application itself. Accordingly, we will address that issue first.
 

 Writ applications are governed by Rule 4 of the Uniform Rules for Louisiana Courts of Appeal. Specifically, Rule 4-3 sets forth the delay for applying for writs, as follows:
 

 l/The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914....
 

 Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant’s fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.
 

 In interpreting the foregoing rule, the courts have held that a writ application will be deemed timely if the notice of intent and request for return date are filed within 30 days after the ruling at issue and the writ is filed by the return date set by the trial court, even if the return date is more than 30 days after the ruling at issue.
 
 Barnard v. Barnard,
 
 96-0859 (La.6/24/96), 675 So.2d 734.
 

 Previously, on August 14, 2009, the rela-tors filed a writ with this court, seeking review of the May 20, 2009 judgment overruling their exception of prescription. Upon receipt of the original writ, we noted that the notice of intent to seek supervisory writs was not filed until June 23, 2008, beyond the 30-day period for seeking supervisory review provided by Rule 4-3. Since the writ appeared untimely and there was no mention or evidence of any prior fax filing of the notice of intent, this court refused consideration of the application, explaining that the notice of intent was filed more than 30 days from the date of the hearing, more than 30 days from the date the judgment was signed, and more than 30 days from the date the notice of judgment was mailed to the parties.
 
 Stamps v. Canal Indem. Ins.,
 
 2009-1497 (La.App. 1 Cir. 9/28/09) (unpublished writ action). In the action, we did not afford the relators a specified period of time for filing a new writ | r,application but rather noted that supplementation of the writ or
 
 *1130
 
 an application for rehearing would not be considered.
 

 Subsequent to our writ action in 2009CW1497, however, the relators took writs to the Louisiana Supreme Court on October 28, 2009, therein apparently arguing that the notice of intent was actually fax filed on June 17, 2009, within 80 days of both the signing and notice of the judgment at issue. In the interim, on October 27, 2009, the relators filed the instant application with this court, attaching a fax-file receipt evidencing that the notice of intent was faxed to the district court clerk’s office on Thursday, June 17, 2009, which would be timely pursuant to Rule 4-3 if the facsimile filing was proper.
 

 Louisiana Revised Statute 13:850, which provides for facsimile filing in civil cases, states in pertinent part:
 

 A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
 

 B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
 

 (1) The original signed document.
 

 (2) The applicable filing fee, if any.
 

 (3) A transmission fee of five dollars.
 

 Having reviewed the attachments to the instant writ, we note that it is now clear that the notice of intent was submitted to the district court clerk’s office via facsimile on Wednesday, June 17, 2009, and a hard copy was filed on Tuesday, June 23, 2009. Since the hard copy was filed within five days (exclusive of legal holidays) of the facsimile transmission, the notice of intent was timely under La. R.S. 13:850. Moreover, in compliance with Rule 4-3, the notice of intent was filed | ¿within thirty days of the notice of judgment, and the relators filed the original writ application within the extended return date set by the district court. As such, although we declined to consider the relators’ original writ application, we now believe that this matter is appropriate for consideration based on the additional information provided in the instant writ. Thus, we will proceed to address the merits of the relators’ exception of prescription.
 

 LAW AND ARGUMENT
 

 Generally speaking, delictual actions are subject to a liberative prescription of one year pursuant to La. Civ.Code art. 3492. However, La.Code Civ. P. art. 1067 creates a limited exception for incidental demands. The article provides that “Fain incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.”
 

 Applying the foregoing law to this case, the relators point out that State Farm paid $8,480.00 to the plaintiffs on November 23, 2003. When the plaintiffs filed suit on October 1, 2004, the relators aver that State Farm’s claim for subrogation was not prescribed, thereby satisfying the first prong of La.Code Civ. P. art. 1067. However, the relators submit that State Farm did not file its cross-claim until October 10, 2008, four years after service of the original suit. Moreover, the cross-claim was not filed within ninety days of service of
 
 *1131
 
 the supplemental and amending petition on December 12, 2007. Thus, the relators submit that the cross-claim is clearly prescribed under La.Code Civ. P. art. 1067.
 

 In support of the argument that State Farm’s cross-claim is barred by prescription, the relators cite
 
 Baldi v. Mid-Am. Indem. Co.,
 
 526 So.2d 281 (La.App. 3rd Cir.),
 
 writ denied,
 
 531 So.2d 276 (La.1988). In
 
 Baldi,
 
 the plaintiff brought an action against Mid-American Indemnity Company, the liability insurer |7of her husband, as a result of a two-car accident that occurred when she was traveling as a guest passenger in her husband’s auto. On February 25, 1986, Mid-American answered the suit and filed a third party demand against the driver of the other vehicle, Kevin Lewing, and the liability insurer of his employer, Royal Insurance Company. The third party demand filed by Mid-American was followed by a cross-claim filed by Royal on October 6, 1986. The third party demand filed by Mid-American prayed for indemnity or contribution from Lewing and Royal for all sums which Mid-American might be required to pay the plaintiff, while the cross-claim filed by Royal sought indemnity or contribution from Mid-American. Additionally, Royal sought to recover from Mid-American a total of $11,555.20, which was paid to the plaintiff and her husband for damages to their vehicle involved in the accident. In response to Royal’s cross-claim, Mid-American filed exceptions of no cause of action and prescription. The exceptions were sustained by the trial court in two separate judgments, and Royal and Lewing appealed.
 

 On appeal, the Louisiana Third Circuit Court of Appeal stated that the only issue presented for consideration was whether or not the trial court erred in sustaining the exception of prescription filed by Mid-American, which resulted in the dismissal of Royal’s cross-claim seeking recovery of property damage paid by Royal to the plaintiff and her husband.
 
 Baldi,
 
 526 So.2d at 283. At the outset, the appellate court noted that upon paying for property damage, Royal was subrogated to all rights and claims of the plaintiff and her husband for property damage to their vehicle.
 
 Id.
 
 The appellate court pointed out that the accident in question took place in July 1985, and no claim for property damage was made against Mid-American until Royal filed its cross-claim in October 1986.
 
 Id.
 
 Thus, the court noted that the cross-claim for property damage was prescribed unless it was somehow preserved by La. Code Civ. P. art. 1067.
 
 Id.
 
 In looking to Article 1067, the court held that the provisions of the article were clearly applicable to the facts |8of that case.
 
 Id.
 
 The cross-claim filed by Royal was clearly an incidental demand, as contemplated by the article.
 
 Id.
 
 Furthermore, the plaintiffs original suit was filed within one year of the accident and, therefore, Royal’s subrogation claim for property damage was not barred at the time the main demand was filed. However, the court went on to find that the applicability of Article 1067 did not operate to preserve Royal’s claim for property damage.
 
 Id.
 
 The record indicated that Royal was served with Mid-American’s third-party demand in February 1986, but did not file its cross-claim until October 1986.
 
 Id.
 
 Thus, at the time the cross-claim was filed, the court concluded that the ninety-day grace period provided by Article 1067 had expired and, therefore, Royal’s cross-claim was prescribed.
 
 Id.
 

 Applying the rationale of Baldi to this case, the relators argue that the trial court’s decision to overrule the exception of prescription was erroneous. The rela-tors reiterate that the incidental demand in this case involves a separate cause of action and was filed four years after the plaintiffs filed suit against Canal and eleven months after State Farm was added as
 
 *1132
 
 a party defendant. Given the facts, the relators submit that the plaintiffs’ suit for personal injuries did not interrupt prescription as to State Farm’s claim for property damage.
 

 In opposition to the writ application, State Farm vehemently denies that La. Code Civ. P. art. 1067 is controlling herein. State Farm argues that the purpose of Article 1067 is to provide an exception to prescription
 
 for a claim that would otherwise have been prescribed,
 
 but is filed within ninety days from the date of service of the main demand. State Farm argues that it is a partial subrogee of the plaintiffs. Since suit by the plaintiffs interrupted prescription on the main cause of action and that suit was still pending (although later settled and dismissed) at the time State Farm filed its cross-claim, it argues that the main demand interrupted prescription as to its subrogated claim. Thus, State Farm submits that La.Code Civ. P. art. 1067 is not applicable.
 

 |,,In support of its argument that its cross-claim is not prescribed, State Farm cites
 
 Louviere v. Shell Oil Co.,
 
 440 So.2d 93 (La.1988), which it contends is factually analogous to the instant case. In
 
 Louviere,
 
 the United States Fifth Circuit Court of Appeals certified a question of state law to the Louisiana Supreme Court concerning the effect of the interruption of prescription by the filing of a suit. The specific issue was whether a timely petition by an employer’s workers’ compensation insurer, seeking recovery for compensation benefits paid to an injured employee against a tortfeasor who caused the injury to the employee, interrupted prescription, thereby permitting the employee to file an action for his own damages after the anniversary date of the accident. Noting that the federal appellate court’s question was based on the assumption that the filing of suit by the compensation insurer interrupted prescription on claims by the injured employee, the Louisiana Supreme Court stated that the
 
 reason
 
 for the interruption must be considered in determining the
 
 effect
 
 of the interruption.
 
 Louviere,
 
 440 So.2d at 95. In considering that issue, the supreme court reasoned that the filing of suit by one party to recover his damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident.
 
 Id.
 
 However, the court went on to explain that a timely petition by a workers’ compensation insurer, seeking recovery of compensation benefits paid to an injured employee against a tortfeasor who caused the injury to the employee, interrupts prescription, thereby permitting the employee to file an action for his own damages after the anniversary date of the accident.
 
 Id.
 
 The rationale underlying that decision is that there is only one principal cause of action, and the compensation insurer is asserting part of the employee’s cause of action, because the insurer has paid part of the employee’s damages and is entitled to recover to the extent of those payments as partial subrogee.
 
 Id.
 
 In reaching that conclusion, the court explained that a cause of action consists of the material facts which form the |inbasis of the right claimed by the party bringing the action.
 
 Id.
 
 In that instance, the court noted that the claims of both the employee and the compensation insurer were based on the cause of action consisting of the material facts which were the basis of the employee’s right to recover damages, and suit by either the employee or the employer’s compensation insurer interrupted prescription for both as to that single cause of action.
 
 [3]
 

 Id.
 
 Once prescrip
 
 *1133
 
 tion was interrupted, the court held that it was continuously interrupted as to both claims during the pendency of the insurer’s suit.
 
 Louviere,
 
 440 So.2d at 98.
 

 Under the rationale of
 
 Louviere,
 
 State Farm submits that, through payment, it has become partially subrogated to the plaintiffs’ property damage claims. Moreover, State Farm suggests that the same facts that gave rise to the claims made in the suit by the plaintiffs also gave rise to the property damages claimed by State Farm. As such, it submits that the plaintiffs’ suit for damages against Canal interrupted prescription on its own subrogation claim. In other words, State Farm avers that the plaintiffs had the right to amend their petition by leave of court at any time during the pendency of the main demand. Accordingly, since it is standing in the shoes of the plaintiffs as subrogee, State Farm argues that it likewise had the right to assert its claim for property damages against Canal at any time while the main demand was still pending.
 

 In considering the respective arguments of the parties, we find that
 
 Louviere
 
 is distinguishable, because that case involved two separate lawsuits regarding only one principal cause of action by the employer’s workers’ compensation insurer and |nthe injured employee and did not involve any incidental demands.
 
 Louviere
 
 did not involve application of La.Code Civ. P. art. 1067. This case, by contrast, involves claims for personal injury damages brought against a tortfeasor and his liability insurer, together with the plaintiffs’ insurer, and involves a cross-claim by the plaintiffs’ insurer for property damage, thereby implicating two separate causes of action. Thus, notwithstanding State Farm’s arguments to the contrary, we find that La.Code Civ. P. art. 1067 clearly applies herein.
 
 [4]
 

 Turning then to the language of La. Code Civ. P. art. 1067, the article provides that an incidental demand is not barred by prescription or peremption if it was not
 
 *1134
 
 barred at the time the “main demand” was filed and is filed within ninety days of the date of service of the “main demand,” or in the case of a third party defendant, within ninety days from service of process of the third party demand. In interpreting that article, the Louisiana Supreme Court has held that the term “main demand,” as used in Article 1067, is not confined to the demand in the original petition, but also encompasses the claim as amended or supplemented once the petition has been validly amended.
 
 See Moore v. Gencorp, Inc.,
 
 93-0814 (La.3/22/94), 633 So.2d 1268.
 

 Applying the provisions of La.Code Civ. P. art. 1067 to the facts of this case, it is clear that State Farm’s subrogation claim based on sums paid to the | j .¿plaintiffs for property damage in November 2003 was not barred at the time the plaintiffs originally filed suit in October 2004. The original suit was filed within one year of the accident. Thus, the first prong of La.Code Civ. P. art. 1067 is satisfied.
 

 The second prong of the article, however, is more problematic. The statute affords litigants a period of ninety days from service of the main demand, including any supplemental and amending petitions, to file an incidental demand. The plaintiffs filed the supplemental and amending petition naming State Farm as a party defendant on November 9, 2007, and State Farm was served on December 12, 2007. Thereafter, State Farm did not file its cross-claim against Auto Source and Canal until October 10, 2008, almost ten months after it was served with the suit. As was the case in
 
 Baldi,
 
 the ninety-day grace period provided by Article 1067 had expired at the time State Farm filed its incidental demand. State Farm’s cross-claim is, therefore, prescribed.
 

 For the reasons assigned, we reverse the judgment of the trial court rendered in open court on May 11, 2009, and signed May 20, 2009, and render judgment sustaining the relators’ peremptory exception of prescription.
 

 WRIT GRANTED. JUDGMENT REVERSED AND RENDERED.
 

 [1]
 

 . The amended petition alleges that D'Aubin, Auto Source, Canal, and State Farm are "jointly, severally, individually and in solido indebted unto the plaintiff for all amounts reasonable under the premises."
 

 [2]
 

 . In its answer, State Farm denied that D'Au-bin and/or Auto Source was underinsured and claimed a credit to the extent of the policy limits of any and all underlying policies of automobile liability insurance available to any defendant or to any responsible party. Further, State Farm claimed the full amount of any sums it paid or could potentially pay in the future to the plaintiffs under its own policy as a credit and set-off.
 

 [3]
 

 . The holding in
 
 Louviere
 
 that all prescriptions affecting a given cause of action are interrupted when a proper party judicially asserts the cause of action was based in part
 
 *1133
 
 on La. R.S. 9:5801. At the time of the accident in that case, La. R.S. 9:5801 provided that “[a]ll prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue.” In a footnote, the
 
 Louviere
 
 court noted La. R.S. 9:5801, as originally enacted, was repealed in 1982, but the substance of the statute was included in La. Civ.Code art. 3462, which provides that "[pjrescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.”
 

 [4]
 

 . In addressing the merits of the prescription issue, we note that the plaintiffs’ original petition, which was timely filed within one year of the accident at issue, interrupted prescription as to State Farm. Moreover, although La. Civ.Code art. 3463 provides that "[¡Interruption is considered never to have occurred if the plaintiff ... voluntarily dismisses the action at any time either before the defendant has made any appearance or thereafter,” this court and at least one other appellate court have rejected the characterization that a plaintiff alone voluntarily dismisses an action by virtue of settlement, since both parties resolve it by transaction or compromise.
 
 See Pierce v. Foster Wheeler Constructors, Inc.,
 
 04-0333 (La.App. 1 Cir. 2/16/05), 906 So.2d 605, 610,
 
 writ denied,
 
 05-0567 (La.4/29/05), 901 So.2d 1071;
 
 see also Boyd v. Farmers Ins. Exchange,
 
 42,701 (La.App. 2 Cir. 12/5/07), 973 So.2d 154. Thus, it appears that the dismissal of D’Aubin, Auto Source, and Canal did not nullify the alleged interruption of prescription as to State Farm under La. Civ.Code art. 3463. Moreover, State Farm has not challenged the timeliness or the validity of the claims against it, and this court cannot raise prescription on its own motion.
 
 See
 
 La.Code Civ. P. art. 927(B). Accordingly, the only issue before this court is whether the remaining cross-claim by State Farm against Auto Source and Canal for sums paid under the collision coverage provision of the plaintiffs’ liability policy is prescribed.