WHIPPLE, C.J.
*1237 Certain Underwriters at Lloyd's of London (collectively "the Underwriters"), as insurers of a property owner, appeal a judgment of the trial court maintaining a peremptory exception of prescription in favor of defendant/appellee, Brassco, Inc., ("Brassco") and dismissing the Underwriters' petition for intervention with prejudice. For the reasons that follow, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
According to the pleadings filed herein, Bear Creek Saloon, Inc. ("Bear Creek") entered into a lease agreement with Corley Enterprises of Louisiana, Inc. ("Corley") to lease property owned by Corley located at 36031 Highway 16 in Montpelier, Louisiana. The lease agreement provided for a term commencing on January 1, 2014 and terminating on December 31, 2018. On April 26, 2014, Bear Creek, which operated a restaurant and bar on the property, hosted a country music concert at the bar. Thereafter, the bar closed at 1:30 a.m. and all employees left the bar by shortly after 2:00 a.m. At some point thereafter, a fire started on the premises, which ultimately rendered the building and contents a total loss.
On April 27, 2015, Corley filed a petition for damages against: Bear Creek; First Financial Insurance Company, Bear Creek's insurer; Brassco, and Brassco's insurer. In the petition, Corley averred that Bear Creek, as lessee of the property, was negligent in failing to maintain the premises in a good and safe condition pursuant to the terms of the lease, and that the fire and resulting damages were caused by the acts, carelessness, and negligence of Bear Creek. As to Brassco, Corley averred that Bear Creek had the sprinkler system inspected annually by Brassco, and that at Brassco's last inspection, on March 20, 2014, inspector Brian Berthalot found the system to be in working order. Corley further alleged that after the fire in June of 2014, however, the Fire Marshall advised Elmus Corley[1] that the main inlet valve on the system was found to be in the "closed" position at the time of the fire, such that the sprinkler system did not work as intended. Accordingly, Corley sought damages and reimbursement for restoration and replacement of its damaged property and all associated ancillary costs, as well as damages for loss of business income and use of the property, and attorney's fees.
On July 17, 2017, the Underwriters, as subrogee to the rights of Corley, filed a petition for intervention against Bear Creek, First Financial Insurance Company, Brassco, and its insurer, contending that the Underwriters provided commercial property insurance to Corley under Policy No. HIS13-488, which included certain insurance coverage on the property. The Underwriters contended that they paid $ 550,000.00 in benefits to Corley in connection with this claim, and that under the provisions of the policy, they were legally and/or conventionally subrogated to the rights of Corley to obtain reimbursement and/or indemnification for the negligence of the defendants. The Underwriters contended that, in the event Corley was awarded damages against the defendants, such recovery should be apportioned in the judgment such that the claims of the Underwriters *1238 for reimbursement and/or indemnity for all amounts paid by the Underwriters to or for the benefit of Corley should take precedence over Corley's claims, to the full extent of such payments made by the Underwriters.
On September 21, 2017, Brassco filed an exception of prescription as to the Underwriters' petition for intervention, contending that the incidental demand was prescribed as it was not filed until almost two years after Brassco was served with Corley's petition for damages, and not within ninety days of the date of service of the main demand purportedly required by LSA-C.C.P. art. 1041.[2] Brassco accordingly sought dismissal of the claims asserted in the Underwriters' petition for intervention with prejudice.
Following a trial on the exception, the trial court granted Brassco's exception of prescription and subsequently issued reasons for judgment finding that the Underwriters' petition for intervention was untimely pursuant to LSA-C.C.P. art. 1041 (formerly LSA-C.C.P. art. 1067 ) and Stenson v. City of Oberlin, 2010-826 (La. 3/15/11), 60 So.3d 1205. The trial court concluded that the claims asserted by the Underwriters in their petition for intervention should be dismissed with prejudice. The trial court signed a written judgment in conformity with its reasons on April 23, 2018.
The Underwriters then filed the instant appeal, contending that the trial court erred in maintaining Brassco's exception of prescription and in finding the Underwriters' petition for intervention was untimely based on LSA-C.C.P. art. 1041 and Stenson, where they aver neither applies to the subrogation claims asserted by the Underwriters in their petition for intervention.[3]
DISCUSSION
The issue before us on appeal is whether an insurer's incidental demand (petition for intervention) asserting a claim of subrogation in a suit filed by its insured, arising out of the same factual occurrence as that pleaded by the insured, and involving a single cause of action shared by the insurer and its insured, is governed by the provisions of LSA-C.C.P. art. 1041, or whether the insured's timely filed suit serves to interrupt prescription as to the insurer's subrogation claims against defendants.
Under the principle of subrogation, the insurer stands in the shoes of the insured and acquires the right to assert the actions and rights of the plaintiff. Louisiana Farm Bureau Casualty Insurance Company v. Burkett, 2018-0468 (La. App. 1st Cir. 11/2/18), 266 So. 3d 908, 911, citing A. Copeland Enterprises. Inc., v. Slidell Memorial Hospital, 94-2011 (La. 6/30/95), 657 So.2d 1292, 1298. Pursuant to Louisiana law, a subrogated insurer has the same right as its insured to a direct action against liability insurers of third parties. Louisiana Farm Bureau Casualty Insurance Company v. Burkett, 266 So. 3d at 911.
Prescription runs against all persons unless exception is established by legislation. LSA-C.C. art. 3467. There are exceptions, *1239 however, to this general rule: (1) LSA-C.C.P. art. 1153 allows an amending petition to relate back to the date of the original pleading; (2) LSA-C.C.P. art. 1041 allows an additional ninety days for an incidental demand; and (3) in circumstances where the parties share a single cause of action. Gallagher Bassett Services, Inc., v. Canal Insurance Company, 2016-0088 (La. App. 1st Cir. 9/16/16), 202 So.3d 1160, 1164.
In support of their sole assignment of error, the Underwriters contend that as the subrogated insurer of the plaintiff, Corley, they share a single cause of action with Corley arising out of the same factual occurrence pled by Corley in its main demand with reference to the property damage caused by the fire herein. As such, the Underwriters contend that the filing of the original petition by Corley interrupted prescription as to both Corley and the Underwriters.
In doing so, the Underwriters rely on Louviere v. Shell Oil Company, 440 So.2d 93, 95 (La. 1983). In Louviere, the Supreme Court held that when the claims of both the employee and compensation insurer were based on the cause of action consisting of the material facts which are the basis of the employee's right to recover damages, suit by either the employee or the employer's compensation insurer interrupted prescription for both as to this single cause of action. The Supreme Court reasoned that prescription was indeed interrupted by the filing of the compensation carrier's suit, since "there is only one principal cause of action, and the compensation insurer is asserting part of the employee's cause of action, because the insurer has paid part of the employee's damages and is entitled to recover to the extent of those payments as partial subrogee." Louviere v. Shell Oil Company, 440 So.2d at 95. Thus, the Supreme Court reasoned that where several parties share a single cause of action (as through partial subrogation), suit by one interrupts prescription as to all. Louviere v. Shell Oil Company, 440 So.2d at 96. The Court further concluded in Louviere that once prescription is interrupted by the filing of a suit, interruption continues during the pendency of the suit, and begins to run anew from the last day of the interruption. Louviere v. Shell Oil Company, 440 So.2d at 96-98.
The Supreme Court noted however, that when a suit by a second party states a different cause of action than the suit by the first party, even though each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action. Louviere v. Shell Oil Company, 440 So.2d at 96 ; cf. Stamps v. Canal Indemnity Insurance Company, 2009-1961 (La. App. 1st Cir. 3/1/10), 35 So.3d 1127 (per curiam).[4]
The Underwriters further rely on Fair Grounds Corporation v. ADT Security Systems, 97-2375 (La. App. 4th Cir. 9/23/98), 719 So.2d 1110, writ denied, *1240 98-3098 (La. 2/5/99), 738 So.2d 6, which they contend applied the holding of Louviere to a case virtually identical to the instant case. In that case, after suffering extensive damages resulting from a fire, the Fair Grounds Corporation filed suit in December of 1994 for various damages, including property damage. The Fair Grounds' insurer, Allianz Underwriters Insurance Company, which had paid the Fair Grounds the policy's limits of $ 5,000,000.00 for property losses after the fire, intervened in the suit the day before trial began in February of 1997, asserting claims of subrogation to recover funds paid. While the matter was on appeal, the Fair Grounds filed an exception of prescription, contending that any claim of subrogation by Allianz had prescribed under the one-year liberative prescription applicable to delictual actions, and that Allianz' petition for intervention, filed over two years after the original petition was filed, had prescribed. Relying on Louviere, the Fourth Circuit denied the exception of prescription, reasoning as follows:
Allianz' petition for intervention arose out of the same factual occurrence as that initially pleaded by the Fair Grounds, and both the Fair Grounds and its subrogated insurers share a single cause of action. Under these circumstances, we conclude that the Fair Grounds' timely-filed [sic] suit against defendants interrupted the running of prescription against Allianz.
Fair Grounds Corporation v. ADT Security Systems, 719 So.2d at 1119.
Contrariwise, Brassco argues that in the instant case, the intervention filed by the Underwriters in Corley's suit is prescribed because it is a delictual action filed both: (1) after the one-year prescriptive period set forth in LSA-C.C. art. 3492 had run; and (2) after the ninety-day "exemption/extension" period for filing incidental demands set forth in LSA-C.C.P. art. 1041 had run.[5] In support, Brassco cites Stenson v. City of Oberlin, 60 So.3d at 1205.
In Stenson, the Louisiana Supreme Court was called upon to resolve a split in the circuits as to whether LSA-C.C.P. art. 1153[6] (the "relation back doctrine' ") controlled an action by intervening plaintiffs or whether LSA-C.C.P. art. 1041,[7] providing the time limitation exception for incidental demands, governed. See Stenson v. City of Oberlin, 60 So.3d at 1206. Therein, a number of residents of the City of Oberlin brought claims for property damage and personal injury caused by sewerage overflow. The Stensons' original petition was filed on October 20, 2003, and the petitions of all residents were eventually consolidated on September 22, 2004. The Stensons filed a first supplemental and amending petition on that same date, and thereafter filed a second supplemental and amending petition for recognition of class status on March 11, 2005. The last defendant was served with the second supplemental *1241 and amending petition on March 17, 2005. On July 20, 2006, more than ninety days after service of the main demand on the last defendant, the Fuselier plaintiffs, sought to join in the pending litigation and filed a petition for intervention asserting claims similar to those asserted by plaintiffs in the consolidated petitions. A defendant filed an exception of prescription as to the Fuseliers' petition of intervention, claiming that the filing of their incidental demand was untimely because it was barred by prescription when the Stensons' second supplemental and amending petition was filed and also because it was not filed within ninety days of the date of service of the second supplemental and amending petition pursuant to LSA-C.C.P. art. 1041. The Fuseliers argued in opposition that their intervention was timely because it related back to the original petition filed by the Stensons under LSA-C.C.P. art. 1153 and the factors set forth in Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040 (La. 1985).[8] See Stenson v. City of Oberlin, 60 So.3d at 1207.
After the trial court maintained the exception of prescription, the appellate court reversed the trial court, concluding that the filing of the original petition by the Stenson plaintiffs had interrupted prescription for the benefit of the Fuselier plaintiffs' intervening suit. Noting that there had been some confusion in the jurisprudence in determining whether LSA-C.C.P. art. 1153 or LSA-C.C.P. art. 1041 governed a petition filed by an intervening plaintiff, the Louisiana Supreme Court granted writs to resolve the apparent split in the circuit courts. See Stenson v. City of Oberlin, 60 So.3d at 1208.
On review, the Supreme Court determined that, for purposes of prescription, the court of appeal erred in applying LSA-C.C.P. art. 1153 (the "relating back" provision) to the Fuseliers' intervening petition rather than LSA-C.C.P. art. 1041. See Stenson v. City of Oberlin, 60 So.3d at 1208. The Court held that where Article 1041 provides an exception to prescription or peremption for incidental demands, and an intervention is an incidental demand,[9] Article 1041 is the applicable statute governing the exception of prescription for an intervention. See Stenson v. City of Oberlin, 60 So.3d at 1214. The Court further opined that, in contrast, Article 1153 provides a means for determining when an amendment adding a plaintiff, claim, or defendant relates back to the date of an earlier filed pleading for prescriptive purposes, and that Article 1153 allows a plaintiff to amend his petition to add a plaintiff, claim, or defendant, but that no code article allows a party or potential party to amend another party's pleading to do so. Thus, applying LSA-C.C.P. art. 1041, the Court found that the Fuseliers' petition for intervention had prescribed where it was not filed within ninety days of service of the last defendant. See Stenson v. City of Oberlin, 60 So.3d at 1214.[10]
In the instant case, the Underwriters contend that Stenson has no application to the issue currently before this court where neither Stenson, nor the cases abrogated by Stenson, involved claims of subrogation *1242 or any scenario where two parties might share in the same cause of action. The Underwriters aver that Stenson required an analysis of LSA-C.C.P. art. 1041 because there was no interruption of prescription in that case based on any shared cause of action as with a subrogation claim. The Underwriters contend that LSA-C.C.P. art. 1041 is an exemption statute, not a prescription statute, and only comes into play if a claim is already prescribed. The Underwriters argue that where prescription is interrupted on separate grounds, there is no need for any analysis whatsoever under Article 1041.
The Underwriters refer to the following recent analysis by this court in Gallagher Bassett Services. Inc., v. Canal Insurance Company, 202 So.3d at 1164, which purportedly illustrates the distinction:
Prescription runs against all persons unless they fall within an exception provided by law. La. C.C. art. 3467. The filing of a tort suit by one party generally does not affect the running of prescription against other parties who sustained separate damages in the same accident. Louviere v. Shell Oil Co., 440 So.2d 93, 95 (La. 1983). There are exceptions to the general rule: (1) La. C.C.P. art. 1153 allows an amending petition to relate back to the date of filing the original pleading; (2) La. C.C.P. art. 1067 allows an additional ninety days for an incidental demand; and (3) when parties share a single cause of action. Colbert v. Batiste, 2012-852 (La.App. 3 Cir. 2/6/13), 109 So.3d 505, 507 (citing Louviere, 440 So.2d at 93 ). [Emphasis added.]
The Underwriters contend that Stenson only addressed the first two of the three exceptions set forth above because Stenson did not involve a situation where the parties shared a cause of action. The Underwriters contend that it would be a "quantum leap" in analysis to interpret Stenson as changing the law regarding the prescription rule for insurance subrogation claims when Stenson did not involve a subrogation claim, did not discuss the application of its holding to subrogation claims in which the parties share a single cause of action, and did not overrule Louviere, or cases applying the principles set forth in Louviere to incidental demands asserting subrogation claims such as Fair Grounds Corporation. We agree.
In the instant case, the insured, Corley, timely filed suit against defendants to recover property damages resulting from the fire. Corley's insurer, the Underwriters, subsequently intervened to recover monies paid to Corley for property damages resulting from the fire. Because the Underwriters' petition for intervention arose from the same factual occurrence as that initially pleaded by Corley, and both Corley and the Underwriters, as Corley's subrogated insurer, share a single cause of action, we find that the timely filing of suit by Corley interrupted prescription as to the intervention claims asserted by the Underwriters. See Fair Grounds Corporation v. ADT Security Systems, 719 So.2d at 1119.
Accordingly, we find the trial court erred in maintaining Brassco's peremptory exception of prescription and dismissing the Underwriter's subrogation claims with prejudice.
CONCLUSION
For the above and foregoing reasons, the April 23, 2018 judgment of the trial court is hereby reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendant/appellee, Brassco, Inc.
REVERSED AND REMANDED.

Although not entirely clear from the pleadings, Elmus Corley appears to be a representative of Corley Enterprises of Louisiana, Inc. in some capacity.

Although Brassco referred to LSA-C.C.P. art. 1041 as LSA-C.C.P. art. 1067 in its exception, prior to the filing of its exception, LSA-C.C.P. art. 1067 was redesignated as LSA-C.C.P. art. 1041 by La. Acts 2017, No. 419, § 5, effective August 1, 2017. The text of this article, however, was not altered by the redesignation.

The judgment dismissing all of the claims asserted by the Underwriters in their petition for intervention is a final judgment for purposes of appeal. See LSA-C.C.P. art. 1915(A)(1).

In Stamps, plaintiff filed suit against a tortfeasor and his insurer for personal injury damages. Plaintiff's insurer subsequently filed a cross claim against defendants asserting claims of subrogation for property damages previously paid to plaintiff. On review, this court distinguished Louviere, stating:
[t]his case, by contrast, involves claims for personal injury damages brought against a tortfeasor and his liability insurer, together with the plaintiffs' insurer, and involves a cross-claim by the plaintiffs' insurer for property damage, thereby implicating two separate causes of action. [Emphasis added.]
This court thus determined that where the insured's suit was for personal injuries and the insurer's incidental demand asserted claims of subrogation for property damages, two separate causes of action were implicated, and the provisions of LSA-C.C.P. art. 1041 (then 1067) applied. Stamps v. Canal Indemnity Insurance, 35 So.3d at 1133.

Louisiana Code of Civil Procedure article 1041 provides that:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

Louisiana Code of Civil Procedure article 1153 provides that:
[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

As Stenson pre-dated the article's redesignation, Article 1041 is referenced as Article 1067 in the opinion.

In Giroir, the Louisiana Supreme Court set forth relative factors to consider when applying LSA-C.C.P. art. 1153 to the addition or substitution of a plaintiff or claim. Giroir v. South Louisiana Medical Center. Division of Hospitals, 475 So.2d at 1044.

Pursuant to LSA-C.C.P. art. 1031(B), a demand of intervention is an incidental demand.

By this ruling, the Stenson Court abrogated Allstate v. Theriot, 376 So.2d 950 (La. 1979), Calbert v. Batiste, 2009-514 (La. App. 3rd Cir. 11/4/09) 23 So.3d 1031, In re Matranga, 2006-0604, 2006-0605 (La. App. 4th Cir. 12/20/06), 948 So.2d 261, and Riddle v. Simmons, 626 So.2d 811 (La. App. 2nd Cir. 1993).