563 So.2d 933 (1990)
Victoria Marie DUFFIE, Individually and as Natural Tutrix of Her Minor Child, Fletchell Shamene Lockridge
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, ABC Insurance Company, Travelers Insurance Company and/or Travelers Indemnity Company, National Railroad Passenger Corporation d/b/a AMTRAK, DEF Insurance Company, The State of Louisiana Through the Department of Transportation and Development, GHI Insurance Company, The Parish of St. Mary, XYZ Insurance Company, Ernest O. Kramer, J.F. Feeney and W.P. Credeur.
No. CA 89 0498.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*934 Elwood C. Stevens, Jr., Kleinpeter, Schwartzberg & Stevens, Morgan City, for plaintiff.
Alfred Smith Landry, Landry, Watkins & Bonin, New Iberia, for Parish of St. Mary.
J. Louis Gibbens, Gibbens & Blackwell, New Iberia, for Travelers Ins. Co.
John E. McElligott, Jr., Davidson, Meaux, Sonnier & McElligott, Lafayette, for Southern Pacific Transp. Co., Nat. R.R. Passenger Corp., Ernest O. Kraemer, J.F. Feeney and W.P. Credeur.
William J. Doran, Jr., Baton Rouge, for State of La., Dept. of Transp. & Development.
William H. Cooper, Cooper, Thompson & Pierson, Baton Rouge, for Fletcher LockridgeIntervenor-appellant.
Before COVINGTON, C.J., and WATKINS and DOHERTY, JJ.[*]
COVINGTON, Chief Judge.
This suit arises out of an automobile/train collision on October 26, 1985, wherein Fletchell Shemene Lockridge, a minor, was killed. On October 20, 1986, Fletchell Shamene Lockridge's mother, Victoria Marie Duffie, brought a survival action and wrongful death action against various defendants. Additional suits were filed on behalf of survivors of other persons who were killed in the automobile/train accident shortly following the above suit.
On September 9, 1987, more than 23 months following the accident in question, Fletcher Lockridge, the father of Fletchell Shamene Lockridge, filed a petition of intervention seeking to join his wrongful death claim and survival action with Victoria Marie Duffie's original petition.
An exception of prescription and no cause of action to Mr. Lockridge's petition of intervention was filed shortly before the trial in this matter by Southern Pacific Transportation Company, National Railroad Passenger Corporation (Amtrak), Ernest Cramer, J.F. Feeney and W.P. Credeur. On November 7, 1987, survival actions brought by Victoria Marie Duffie and other various plaintiffs were dismissed by Judge Anne Lennan Simon due to the instantaneous death of all decedents. Therefore, only the wrongful death action of Fletcher Lockridge was before the court.
On November 11, 1988, Judge Simon granted the peremptory exception of prescription and no cause of action in favor of all the defendants and against Fletcher Lockridge. Fletcher Lockridge has perfected an appeal from this decision. We affirm.
Mr. Fletcher Lockridge cannot escape the one year prescriptive period found in LSA-C.C. article 2315.2.
Article 2315.2. Wrongful death action
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving.
B. The right of action granted by this Article prescribes one year from the death of the deceased.

*935 C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

. . . . .
The case of Giroir v. South La. Medical Ctr., et al., 475 So.2d 1040 (La.1985) that Mr. Lockridge relies on does not apply in the case before us.
In Giroir, the Supreme Court allowed an amended petition adding children as new plaintiffs in a wrongful death and survival action, based on the death of their mother, after prescription had run, by relating the amended petition back to the timely filed original petition of their father.
However, in the case before us Mr. Lockridge has not timely filed an original petition to amend. Twenty-three months after the accident he filed an intervention. Defendants were exposed to the filing of a claim by Mr. Lockridge for a period of one year.
"We do not believe that a defendant must remain alert indefinitely to the possibility that a plaintiff might have a spouse or children, or both, who might at some future date bring a claim." Poirier v. Browning Ferris Industries, 517 So.2d 998 (La.App. 3rd Cir.), writ denied, 519 So.2d 105 (La.1987).
Mr. Lockridge is asking us to expand Giroir to defeat prescription when a new claim is filed, as opposed to the case where an original claim is amended. The four-part inquiry found in Giroir may allow an amendment to a claim to relate back to a timely filed original petition.
The four considerations are:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
(2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
(4) the defendant will not be prejudiced in preparing and conducting his defense.
The four-part test presumes an original claim timely filed, and the inquiry is whether to allow the amendment to the claim to relate back to the original claim. Mr. Lockridge has no original claim timely filed. Therefore Giroir does not apply.
Giroir concerns the original petitioner's attempt to amend his claim, in contrast to, a new claimant's attempt to insert himself into the lawsuit by intervention, as in this case. Mrs. Lockridge did not ask to amend her claim to add her ex-husband and have it relate back to her timely filed petition. Had she done so, Giroir would possibly speak to the situation.
However, the second consideration, whether the defendant either knew or should have known of the existence and involvement of the new plaintiff, would serve to keep Mr. Lockridge out of the lawsuit even if the facts fell under Giroir.
It is not encumbent upon a defendant to try and track down ex-spouses or non-custodial parents everytime a suit is filed involving minor children. Absent such a duty, defendants could not have known nor should they have known about Mr. Lockridge and his possible claim.
Rather, it was the responsibility of Mr. Lockridge to be concerned enough about his daughter to know when and how she was killed and if he chose to file a lawsuit, to do it sooner than 23 months after the event.
Allstate Insurance Company v. Cyrus A. Theriot, et al., 376 So.2d 950 (La.1979) deals with an intervenor who files an intervention after the prescriptive period has run, but also after another plaintiff had timely filed a lawsuit interrupting prescription. The Supreme Court reasoned that because the intervention arose out of the same facts as the original timely filed petition the intervenor should be allowed to take advantage of the interruption of prescription created by the original plaintiff and proceed.
In Allstate, a worker's compensation insurer brought an action against the motorist, *936 the motorist's employer, and employer's insurer to recover compensation benefits and medical expenses paid to claimant after claimant's automobile accident involving the defendant motorist, and claimant intervened for his own personal damages.
As part of the court's reasoning, we find the following:
Under La.R.S. 23:1101 as interpreted by National Surety Corporation v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965), Allstate's timely suit against Theriot fully apprised him that judicial claim was being made to enforce his liability for personal injuries caused to Moore by the accident in question. He thus received notice of the possibility that Moore himself might intervene in this suit. Prescription as to any claim for Moore's personal injuries, whether by Moore himself or by the insurer, was thus interrupted by the insurer's timely-filed initial suit.
[Emphasis added]. 376 So.2d at 953-954.

. . . . .
We distinguish Allstate from the case at bar because defendants received no notice of the possibility that Mr. Lockridge might intervene in this suit.
For the foregoing reasons, the case is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.
LEWIS S. DOHERTY, III, J. Pro Tem., concurs.
WATKINS, J., concurs and assigns reasons.
WATKINS, Judge, concurring.
The distinctions drawn by the majority between the instant case and Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985), rev'g 453 So.2d 949 (La.App. 1st Cir.), as well as Allstate v. Theriot, 376 So.2d 950 (La.1979), are not convincing. Far more significant, in my opinion, is the Louisiana Supreme Court's reliance on the Louisiana Code of Civil Procedure as the basis for its holding in Giroir. To stray from the clear codal provisions, as the majority has done, invites unnecessary uncertainty into this already gray area of procedure.
Although the Louisiana Supreme Court cited Allstate v. Theriot when the court reversed our decision in Giroir, the court used Justice Tate's opinion in Theriot merely for the general principles of law stated therein and nothing more.[1] Instead, the Giroir court held that the codal provisions controlled the relation back of the amended petition. Likewise, the codal provision relating to a prescribed intervention should control in the instant case, the jurisprudence notwithstanding.
I concur in the result reached by the majority but find authority for sustaining defendants' exception of prescription in the Louisiana Code of Civil Procedure. The intervention filed herein is an incidental demand. LSA-C.C.P. art. 1031; Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982). The question of whether the intervention is barred by prescription depends on the intervenor's ability to satisfy the requirements of LSA-C.C.P. art. 1067, which provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Article 1067 does not establish a new 90-day prescriptive period. It merely exempts an incidental demand from the applicable prescriptive period which would have accrued during the 90-day period. Kelly v. Louisiana Stadium & Exposition Dist., 380 So.2d 669 (La.App. 4th Cir.1980).
In the case at bar the record is devoid of evidence showing entitlement to the exemption of Article 1067. Since the intervenor had the burden of proving that his petition of intervention was not prescribed (Hunter *937 v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir.1970), I concur in affirming the trial court's dismissal of the plaintiff's petition.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem. by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] The Louisiana Supreme Court's decision in Giroir has created an uncertainty as to the viability of the two-prong test for post-prescription interventions set out in Allstate v. Theriot and followed thereafter until the Giroir decision. See Giroir, 453 So.2d 949.