PER CURIAM.
This application for supervisory writ is filed on behalf of relators John Dominick, D.L. Peterson Trust, Zurich Insurance Company, and Fidelity and Deposit Company of Maryland. The sole issue is whether the trial judge was correct in determining that respondent’s, Daniel A. Moisant’s, cross claim against relators was not barred by prescription. We affirm the trial judge’s overruling the exception of prescription filed on behalf of the relators.
On May 19, 1992 Robert M. Duzac filed suit against Moisant, Vincent Hammel, United States Fidelity and Guaranty Company, Continental Casualty Company, Dominick, and Zurich alleging the following pertinent facts. Duzac sued these parties for injuries sustained from an automobile accident occurring May 20, 1991 while he was Moisant’s guest passenger. Duzac claimed Hammel failed to stop and yield at a stop sign. He also claimed the Moisant vehicle was subsequently rear ended by a vehicle driven by Dominick and owned by Peterson. As an alternative theory, Duzac alleges Moisant was negligent.
On June 18, 1992 Moisant filed an answer and cross claim. Moisant filed a cross claim against the relators seeking damages from them for personal injury and indemnification. The relators filed an exception of prescription as it pertains to Moisant’s seeking damages for personal injury but not as to Moisant’s claim for indemnification or contribution. Relators admit that Moisant’s claim for damages was filed within 90 days of service of the main demand.
La.C.Civ.P. art. 1067 states:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Furthermore, La.C.Civ.P. art. 1071 provides:
A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.
Moisant’s cross claim does arise out of the same occurrence which is the subject matter of the original action. The trial judge overruled the exception of prescription.
Relators contend our holding in Wood on behalf of Hayes v. Hayes, 524 So.2d 241 (La.App. 5th Cir.1988) is dispositive. In Wood we held an amended petition for loss of consortium did not relate back to the date of filing the original petition. Howev *263 er, we also held an amended petition asserting a loss of consortium claim did relate back in Raziano v. Lincoln Property Co., 520 So.2d 1213 (La.App. 5th Cir.1988). In both cases we applied the test enunciated by the Louisiana Supreme Court in Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985) to determine whether an amended petition related back to the date of the filing of the original petition. In applying the Giroir test to two different factual situations we reached different results. Thus, the Giroir analysis is applied in this court on a case by case basis with regard to amended petitions.
We note that the Giroir test determines the applicability of La.C.Civ.P. art. 1153 which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The instant case is distinguishable from Giroir, Wood, and Raziano since article 1153 is not applicable. Instead, article 1067 applies. Article 1067 allows the filing of an “incidental demand” after the prescriptive period if that demand was not barred at the time the “main demand” was filed; whereas, article 1153 relates to the amendment of pleadings in the “main demand.” The purpose of article 1067, which is the applicable article in this case, was explained by the Louisiana Supreme Court in Randall v. Feducia, 507 So.2d 1237 (La.1987) at 1240 as follows:
This article was designed to protect the defendant against whom suit is filed at the end or very near the end of the prescriptive period. The defendant, without the 90 days allowed by art. 1067, would be precluded by prescription from calling in a third party as warrantor or from making any other incidental demand.
Moisant filed a cross claim which arose out of the same occurrence as the subject matter of the demand. La.C.Civ.P. art. 1071. Cross claims are incidental actions. La.C.Civ.P. art. 1031(B). Moisant’s cross claim was timely filed; it was not barred at the time the main demand was filed and was filed within 90 days of service of the main demand. Article 1067 clearly provides the claim is timely. Patterson v. State, Dept. of Transp. & Dev., 509 So.2d 505 (La.App. 3rd Cir.1987).
Accordingly, for the reasons stated the trial judge was correct in overruling rela-tors’ exception of prescription as it applies to Moisant’s claim for damages.
RULING AFFIRMED; WRIT DENIED.