# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1125


**KEVIN AND CORLISS STENSON, ET AL.**

**VERSUS**

**CITY OF OBERLIN**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2003-633
HONORABLE JOHN P. NAVARRE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**


**Rudie Ray Soileau, Jr.**
**Lundy, Lundy, Soileau & South, LLP**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**Telephone: (337) 439-0707**
**COUNSEL FOR:**
    **Intervenors/Appellants - Silton and Robin Fuselier**

**Errol David Deshotels**
**Deshotels, Mouser & Deshotels**
**317 W. 6th Avenue**
**Oberlin, LA 70655**
**Telephone: (337) 639-4309**
**COUNSEL FOR:**
    **Defendant/Appellee - City of Oberlin**

**Edward E. Rundell**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**Telephone:  (318) 445-6471**
**COUNSEL FOR:**
**Defendants/Appellees - Meyer, Meyer, LaCroix & Hixson, Inc.**

**THIBODEAUX, Chief Judge.**

Plaintiffs, Silton and Robin Fuselier, seek to intervene in a consolidated litigation brought on behalf of several citizens of Oberlin, Louisiana who allege ongoing problems with the sewerage and waste water system maintained by the City of Oberlin. The trial court maintained defendant Meyer, Meyer, LaCroix, & Hixson, Inc.'s (MMLH) exception of prescription and executed a final judgment. Mr. and Mrs. Fuselier appeal the trial court's judgment and assert that the trial court erred by failing to admit testimony into the record regarding the Fuseliers' injury and by granting MMLH's exception of prescription. For the following reasons, we reverse.

I.

**ISSUE**

We must decide whether the trial court:

(1)   erred when it refused to allow Mr. and Mrs. Fuselier to offer evidence at the November 21, 2008 hearing to controvert the exception of prescription urged by defendant MMLH; and,

(2)   erred when it granted the exception of prescription urged by defendant MMLH.

II.

**FACTS AND PROCEDURAL HISTORY**

This matter involves claims brought by several residents of the City of Oberlin for property damage and personal injury allegedly caused by sewerage overflow. Kevin and Corliss Stenson filed the earliest petition in the consolidated action against the City of Oberlin in 2003. Mr. and Mrs. Fuselier filed a petition to intervene on July 20, 2006.

Prior to the Fuselier petition, several notable filings in the consolidated action occurred. Specifically, on March 10, 2005, the Stenson plaintiffs filed their

Second Supplemental Petition for recognition of class status, and on March 17, 2005, the Stenson plaintiffs served their Second Supplemental Petition on the last defendant—MMLH.

In their Petition of Intervention, Mr. and Mrs. Fuselier assert allegations similar to those contained in the petitions of the Stenson plaintiffs. Specifically, Mr. and Mrs. Fuselier claim that their alleged problems with sewerage and water overflow commenced in approximately the summer and fall of 2003. They contend that the City of Oberlin "purposefully and knowingly misled and misinformed plaintiffs of the cause for the waste water and raw sewerage in their home. . . ." Moreover, Mr. and Mrs. Fuselier claim that they continue to have problems with the back up of waste water and raw sewerage into their home. Finally, Mr. and Mrs. Fuselier allege that the City of Oberlin contracted with MMLH to design a waste water sewerage treatment plant for the City of Oberlin.

MMLH filed an Exception of Prescription in response to the Fuseliers' Petition of Intervention. As part of its exception, MMLH contended that the Fuseliers' incidental demand was untimely pursuant to La.Code Civ.P. art. 1067 because it was barred by prescription when the "main demand," or Second Supplemental Petition of the Stenson plaintiffs, was filed in March 2005, and was not filed within ninety days of service of the main demand of the Stenson plaintiffs. The Fuseliers argued in opposition that the intervention could relate back to the original petition filed by the Stenson plaintiffs.

The trial court held two hearings on the matter. At the second hearing, Mr. and Mrs. Fuselier's counsel attempted to present the testimony of Robin Fuselier regarding the date the Fuseliers first became aware of the water and sewerage problem in their home. MMLH's counsel objected and argued that the ruling on

2

MMLH's exception of prescription should be made from the face of the pleadings. Mr. and Mrs. Fuselier's counsel appeared to acquiesce and agree with MMLH's counsel's statement. Counsel neither proffered Mrs. Fuselier's testimony at the hearing nor submitted an affidavit for the record.

The trial court took the matter under advisement and invited the parties to submit post-hearing memoranda. Mr. and Mrs. Fuselier submitted a memorandum that focused on the trial court's refusal to allow testimony at the second hearing on the exception. The trial court ultimately maintained the exception and executed a final judgment.

## III.

## LAW AND DISCUSSION

### Standard of Review

"The manifest error standard of review applies to an appellate court's consideration of an exception of prescription." *Credeur v. Champion Homes of Boaz, Inc.*, 08-1096, p. 3 (La.App. 3 Cir. 3/4/09), 6 So.3d 339, 341-42 (citations omitted). "We must bear in mind, however, that an appellate court must strictly construe the statutes against prescription and in favor of the extinguished claim." *Id.*

### Submission of Evidence at the Hearing on Prescription

Louisiana Code of Civil Procedure Article 931 provides in part that "on the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence *may* be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." (emphasis added). Where the record is adequate for a trial court to rule on an exception of prescription, the court does not abuse its discretion in not allowing the testimony. *Johnson v.*

3

*Unopened Succession of Alfred Covington, Jr.*, 42,488, 42,389 (La.App. 2 Cir. 10/31/07), 969 So.2d 733.

The Fuseliers' counsel attempted to introduce evidence of the Fuseliers' injury by offering the testimony of Robin Fuselier. MMLH's counsel objected. Mr. and Mrs. Fuselier's counsel acquiesced and agreed with MMLH's counsel, stating as follows:

> That's very good, Your Honor. Then I will rely on the paragraphs fifteen and sixteen. No, really, I understand and we've been here before. We've got an affidavit that's coming into evidence. But I do agree with [MMLH's counsel] that if you take the pleadings and on the face of the pleadings – Let me just go ahead and recite what it says because that becomes our factual standard.

Counsel neither proffered Mrs. Fuselier's testimony at the hearing nor submitted an affidavit for the record. Instead, he relied on the face of the pleadings. Thus, the trial court did not abuse its discretion in failing to permit the testimony of Robin Fuselier at the November 21, 2008 hearing.

**Exception of Prescription**

MMLH asserts that the Fuseliers' tort claims against MMLH are prescribed.[1] We disagree. In reaching this conclusion, we kept in mind that "[p]rescriptive statutes, under our jurisprudence, are strictly construed in favor of maintaining rather than barring actions." *Calbert v. Batiste*, 09-514, p. 7 (La.App. 3 Cir. 11/4/09), 23 So.3d 1031, 1036 (citations omitted).

We focus on whether the Fuseliers' claims relate back to the original petition brought by the Stenson plaintiffs. Louisiana Code of Civil Procedure Article

---

[1] Specifically, MMLH relies on La.Code Civ.P. art. 1067 which provides that "an incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand. . . ." This article, however, contemplates an action that ordinarily may have been subject to prescription and would not otherwise be subject to revival. Here, La.Code Civ.P. art. 1153 governs.

4

1153 governs the "relation back" of a related pleading to an original pleading. The article states:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

To determine whether the Fuseliers' petition relates back to the original Stenson petition, we look to the test set out by the Louisiana Supreme Court in *Giroir v. South Louisiana Medical Center Div. of Hospitals*, 475 So.2d 1040 (La.1985). "The test was originally used to determine whether an amended petition adding or substituting a plaintiff should be allowed to relate back to the date of the filing of the original petition, but multiple courts have used the same test in considering prescribed intervening suits." *Calbert*, 23 So.3d at 1035. In *Giroir*, the supreme court stated:

> [A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.

*Giroir*, 475 So.2d at 1044 (citations omitted).

In examining the four *Giroir* factors, it is clear that the Fuseliers' intervening tort claim against MMLH relates back to the time of the original filing by the Stenson plaintiffs. The claims are virtually identical and arise from the same occurrence—MMLH's design of the City of Oberlin's sewerage system. Considering that the original suit was brought by other residents of the City of Oberlin, MMLH should have anticipated that others in the City using the sewerage system might choose to enter the suit. Mr. and Mrs. Fuselier are not wholly new or unrelated

parties. They are suing in the same capacity as the Stenson plaintiffs—residents who have been adversely affected by the City of Oberlin's water and sewerage facility. Moreover, MMLH would not be prejudiced in preparing and conducting a defense against the Fuseliers, as the defense put forth would be identical to the one that would be presented against the Stenson plaintiffs.

Thus, we find that the filing of the original petition by the Stenson plaintiffs interrupted prescription for the benefit of the Fuseliers' intervening suit. Mr. and Mrs. Fuselier are permitted to proceed with their action against MMLH.

IV.

## **CONCLUSION**

Based upon the foregoing, we reverse the judgment of the trial court. Costs of this appeal are assessed to MMLH.

**REVERSED AND REMANDED.**

6