# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1391

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

VERSUS

KENNETH FORRESTIER, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20113404
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Katherine Paine Martin
Martin Mayard, LLC
Post Office Box 81338
Lafayette, LA   70598-1338
(337) 291-2440
COUNSEL FOR PLAINTIFF/APPELLEE:
        State Farm Mutual Automobile Insurance Company

James E. Brouillette
3330 Lake Villa Drive, Suite 202
Metairie, LA   70002-4300
(504) 378-0256
COUNSEL FOR PLAINTIFF/APPELLEE:
        State Farm Mutual Automobile Insurance Company

**Matt D. McConnell**
**Post Office Box 52024**
**Lafayette, LA   70505**
**(337) 347-6404**
**COUNSEL FOR INTERVENORS/APPELLANTS:**
     **Brooke Loiseau**
     **Ryan Loiseau**

**Erica R. Mayon**
**Simien & Miniex, APLC**
**Post Office Box 81918**
**Lafayette, LA   70598-1918**
**(337) 269-0222**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Lafayette City-Parish Consolidated Government**
     **Kenneth Forrestier**

**AMY, Judge.**

The plaintiff, an insurance company, filed suit as subrogee of its insured in order to enforce its subrogation rights. Thereafter, the insured and her husband intervened. The intervenors sought damages for the insured's personal injuries and for property damage and for her husband's loss of consortium. The defendants filed exceptions of prescription and no right of action, which were granted by the trial court. The intervenors appeal. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, State Farm Mutual Automobile Insurance Co., filed this action on June 14, 2011, "as subrogee of Brooke Loiseau." Therein, State Farm alleged that on June 16, 2010, Ms. Loiseau's automobile was negligently rear-ended by a city bus driven by one of the defendants, Kenneth Forrestier.[1] According to the petition, Ms. Loiseau was injured as a result of the accident. State Farm also alleged that the bus was owned by the Lafayette Consolidated Government (LCG).[2] State Farm contends that it issued an insurance policy to Ms. Loiseau and that it paid for property damage and medical expenses and sought to recover those amounts.

On January 17, 2012, Ms. Loiseau and her husband, Ryan Loiseau, filed a petition of intervention alleging substantially the same facts. Ms. Loiseau sought recompense for damages stemming from the accident, including "great bodily injuries" and property damage, and Mr. Loiseau asserted a loss of consortium claim.

---

[1] Mr. Forrestier's name is spelled as both "Forrestier" and "Forestier" in the record. We use the spelling in the defendants' answer.

[2] The defendants note that the correct name for LCG is the "Lafayette City-Parish Consolidated Government."

The defendants filed an exception of prescription with regard to both of the Loiseaus' claims and an exception of no right of action with regard to Mr. Loiseau's claim. The Loiseaus' attorney did not file an opposition to the exceptions and did not appear at the hearing on the exceptions. Accordingly, the trial court granted the exceptions and dismissed, with prejudice, the Loiseaus' claims. Thereafter, the Loiseaus filed a motion for new trial. At the hearing on the motion for new trial, the Loiseaus' attorney asserted that he only learned about the hearing on the exceptions when he received the order granting the exceptions. After considering the parties' arguments, the trial court denied the motion for new trial.

The Loiseaus appeal, asserting that the trial court "committed prejudicial legal error by applying La. C.C.P. art. 1067 and *Stenson* to sustain exceptions of prescription and dismiss with prejudice appellants' un-prescribed intervention claims."

## Discussion

*Prescription & the Applicability of La.Code Civ.P. art. 1067*

The defendants filed exceptions of prescription and no right of action in this case, which were granted by the trial court after a hearing. The Loiseaus argue that they and State Farm are co-obligees, and thus, in their view, prescription is interrupted as to their claims as well.[3]

In *Wells v. Zadeck*, 11-1232, pp. 6-7 (La. 3/30/12), 89 So.3d 1145, 1149-50, the supreme court discussed the exception of prescription, stating:

---

[3] The Loiseaus argue that, because the trial court granted both exceptions on the basis of La.Code Civ.P. art. 1067, a determination that their claims had not prescribed necessarily mandates that the grant of the exception of no right of action be reversed. Because we find that Mr. Loiseau's claim, which was the subject of the exception of no right of action, had prescribed, we do not reach the Loiseaus' argument in this regard.

2

An exception of prescription must be specifically pleaded and may not be supplied by the court. LSA-C.C.P. art. 927(B). Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted. *Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So.2d 1261, 1268; *Bailey v. Khoury*, 04-0620 (La. 1/20/05), 891 So.2d 1268.

The rules of prescription are designed to prevent old and stale claims from being prosecuted. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 01-2707 at p. 7, 828 So.2d at 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993). In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations contained therein are accepted as true.

Our review of the record does not indicate that evidence was introduced at either the original hearing on the exceptions or at the hearing on the motion for new trial. Accordingly, the allegations in the petition are accepted as true, and the exception must be decided upon those facts. *Wells*, 89 So.3d 1145. Both the Loiseaus and State Farm allege in their petitions that the accident occurred on June 16, 2010. State Farm filed its main demand on June 14, 2011, within the one-year prescriptive period for delictual actions. *See* La.Civ.Code art. 3492. However, the Loiseaus filed their petition of intervention on January 17, 2012, well after the one-year period had expired. Thus, the Loiseaus' petition had prescribed on its face and the burden of proof shifted to them to show that their claims had not prescribed.

According to the record, the trial court dismissed the Loiseaus' claims on the basis of La.Code Civ.P. art. 1067.[4] That article provides that:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

The Loiseaus assert that La.Code Civ.P. art. 1067 is not applicable and rely on *Allstate Ins. Co. v. Theriot*, 376 So.2d 950 (La.1979), to argue that, because State Farm brought its action as a subrogee of Ms. Loiseau, prescription is interrupted as to the Loiseaus' claims as well.[5]

However, the application of La.Code Civ.P. art. 1067 was more recently discussed in *Stenson v. City of Oberlin*, 10-826 (La. 3/15/11), 60 So.3d 1205. We find that *Stenson*, 60 So.3d 1205, and not *Allstate*, 375 So.2d 950, is applicable to the facts herein. In *Stenson*, 60 So.3d 1205, the supreme court addressed whether La.Code Civ.P. art. 1067 or the "relation back" doctrine delineated in La.Code Civ.P. art. 1153 applied to petitions of intervention. The *Stenson* plaintiffs were a group of homeowners who filed suit against the defendants, alleging that they suffered damages due to sewerage overflow. After the prescriptive period had

---

[4] Although the original hearing on the exceptions was granted after the Loiseaus' counsel did not submit any opposition to the defendants' exceptions and did not appear at the hearing, we observe that the defendants submitted a memorandum in support of their exceptions relying on La.Code Civ.P. art. 1067 and that, after the Loiseaus filed a motion for new trial, the trial court conducted a full hearing on the Loiseaus' arguments.

[5] In *Allstate*, 376 So.2d 950, the plaintiff, a workers' compensation insurance company, filed suit seeking to recover workers' compensation benefits and medical expenses from a defendant who negligently caused an automobile accident that exacerbated the work-related injuries of one of the plaintiff's claimants. The claimant subsequently intervened in the suit. However, the plaintiff's claims were dismissed on an exception of no cause of action. The defendants filed an exception of prescription, alleging that the claimant's action had been brought after the expiration of the prescriptive period. On appeal, the supreme court found that the claimant's action was not barred by prescription, stating "[n]one of these basic prescriptive values are offended when a subsequent claimant, closely connected in relationship and interest to the original plaintiff, enters the timely-filed suit to assert a claim based upon the same factual occurrence as that initially pleaded." *Id.* at 954.

passed, the intervenors filed a petition of intervention asserting allegations similar to those made by the other plaintiffs. One of the defendants filed an exception of prescription with regard to the intervenors' petition. The trial court sustained the exception of prescription on the basis that the intervenors' petition was not filed in compliance with La.Code Civ.P. art. 1067. The appellate court reversed, finding that the intervenors' petition "related back" to those of the original plaintiffs.

However, the supreme court reversed the appellate court's decision and reinstated the trial court's judgment. *Stenson*, 60 So.3d 1205. In reaching that determination, the supreme court noted that there had been "confusion in the jurisprudence in determining whether La.Code Civ.P. art. 1153 or La.Code Civ.P. art. 1067 applies to a petition filed by an intervening plaintiff." *Id.* at 1208. Thus, the supreme court reviewed the existing jurisprudence on that issue, including *Allstate*, 376 So.2d 950. In its review, the supreme court noted the four-part "relation back" test expressed in *Giroir v. South Louisiana Medical Center, Division of Hospitals*, 475 So.2d 1040 (La.1985), and quoted the portion of *Allstate* that used an analysis similar to that of *Giroir*. Ultimately, the supreme court concluded that La.Code Civ.P. art. 1067 is the appropriate article to apply when considering whether incidental demands, such as a petition to intervene, had prescribed. *Stenson*, 60 So.3d 1205. The supreme court stated:

> Article 1067 clearly provides an exception to prescription or preemption for incidental demands. *An intervention is an incidental demand, see La.Code Civ.Proc. art. 1031, and thus Article 1067 is the applicable statute for governing the exception to prescription or preemption for an intervention. See Moore v. Gencorp, Inc.*, 633 So.2d at 1269, 1270. Article 1153, by contrast, provides a means for determining when an *amendment* adding a plaintiff, claim, or defendant relates back to the date of an earlier filed pleading for prescriptive purposes.

5

*Id.* at 1214 (emphasis added). On this basis, the supreme court found that the petition of intervention had prescribed and that the trial court did not err in sustaining the exception of prescription. *Id.*

Our review of the record reveals that the Loiseaus' petition of intervention does not satisfy the requirements of Article 1067. Although the main demand, that of State Farm, was not barred by prescription when it was filed, the Loiseaus filed their petition of intervention after the one-year prescriptive period had run, *see* La.Civ.Code art. 3492, but failed to file their intervention within ninety days of the date of service of the main demand.[6] Thus, the Loiseaus' claims have prescribed pursuant to La.Code Civ.P. art. 1067.

Further, we find no merit to the Loiseaus' claims that prescription was interrupted as a result of State Farm's filing of the main demand. In *Stenson*, 60 So.3d at 1214, the supreme court stated that "Article 1067 is the applicable statute governing the exception to prescription or preemption for an intervention." As already discussed, the Loiseaus have failed to establish that their petition of intervention fits within the parameters of Article 1067.

Therefore, we find no merit to the Loiseaus' assignment of error. Accordingly, we find no error in the trial court's grant of the exceptions and affirm the trial court's judgment.

---

[6] Although the record does not contain a return of service indicating when the defendants were served with the main demand, the defendants assert in their memorandum in support of their exceptions that they were served on June 23, 2011. Further, the Loiseaus did not contest that their petition of intervention was filed more than ninety days after service of the main demand.

**DECREE**

For the foregoing reasons, we affirm the trial court's grant of the exceptions with regard to all claims asserted by the intervenor-appellants, Brooke and Ryan Loiseau. Costs of this appeal are allocated to Brooke and Ryan Loiseau.

**AFFIRMED.**